IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RANA BAYYARI                                                                                    PLAINTIFF

v.                                     Civil No. 14-5235

WASHINGTON COUNTY DETENTION
CENTER; DEPUTY KATY CENTER;
DEPUTY SANDERS (CONNERS);
CORPORAL DONAHUE; and DEPUTY HAYES                          DEFENDANTS

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

When Plaintiff filed the complaint (Doc. 1), the application to proceed *in forma pauperis* (IFP)(Doc. 2) was incomplete. By order (Doc. 3) entered on July 30, 2014, the Plaintiff was given until August 14, 2014, to complete and return the application to this Court for review and filing or pay the $350 filing fee and $50 administrative fee, a total of $400. Plaintiff was advised that failure to return the completed IFP application or pay the $400 by August 14, 2014, would make the complaint subject to summary dismissal for failure to obey an order of the Court.

Plaintiff was also advised that he had an obligation to keep the Court informed of his address. He was advised that failure to do so would make the complaint subject to summary dismissal.

On October 1, 2014, a show cause order (Doc. 5) was entered giving Plaintiff until October 17, 2014, to show cause why this case should not be dismissed based on Plaintiff's failure to obey an order of the Court and failure to prosecute this action.

On October 7th, the show cause order was returned as undeliverable. On November 5, 2014, the Court obtained the Plaintiff's current addressed and entered a change of address on his behalf (Doc. 6). All mail that had been returned as undeliverable, the show cause order, was resent.

Since the change of address, no mail has been returned as undeliverable. Plaintiff has not responded to the show cause order. He has not submitted a complete IFP application. He has not requested an extension of time to do so. Plaintiff has not communicated with the Court in anyway.

I therefore recommend that the complaint be dismissed without prejudice based on the Plaintiff's failure to obey an order of the Court and to prosecute her case. Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of March 2015.

/s/ *Erin L. Setser*
  HON. ERIN L. SETSER
  UNITED STATES MAGISTRATE JUDGE